UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL JASON DERRICK,

    Petitioner,

v.                                            Case No. 8:08-cv-1335-T-23TBM
                                                ( **Death Case** )

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Derrick's petition for the writ of habeas corpus challenges the validity of his conviction for murder and sentence of death. Pursuant to the earlier order (Doc. 8), the respondent moves (Doc. 13) to dismiss Grounds II - IV, VI - VIII, and XI - XIV for procedural reasons. Derrick opposes (Doc. 18) dismissal. As discussed below, some grounds are not reviewable on the merits.

### **FACTS AND PROCEDURAL HISTORY**[1]

Near daybreak on the morning of June 25, 1987, Rama Sharma's body was found in the woods near his general store in Pasco County. The body contained numerous stab wounds. On the evening before the murder, David Lowry had transported Derrick to a friend's house near the general store. About 1:30 that morning Derrick "showed-up at Lowry's house in a sweaty condition." While Lowry drove Derrick home, Derrick told Lowry that he robbed the general store. Later that day Derrick

---

[1] This recitation of facts is from <u>Derrick v. State</u>, 581 So.2d 31, 33 (Fla. 1991).

admitted to Lowry that he killed Sharma.  Several days later Lowry notified the police about Derrick's involvement in the murder.  Derrick confessed to the murder.

Derrick's death sentence was vacated on direct appeal.  Derrick v. State, 581 So. 2d 31, 33 (Fla. 1991) ("Derrick I").  A new penalty hearing produced the same sentence, which was affirmed on appeal.  Derrick v. State, 641 So. 2d 378 (Fla. 1994), cert. denied, 513 U.S. 1130 (1995) ("Derrick II").  The denial of Derrick's Rule 3.850 motion to vacate sentence was affirmed on appeal.  Derrick v. State, 983 So. 2d 443 (Fla. 2008) ("Derrick III").

## GOVERNING STANDARDS

The respondent argues that federal review of specific grounds for relief is precluded based on (a) mootness, (b) the failure to assert a federal question, (c) a lack of complete exhaustion, or (d) procedural default.  Derrick concedes in his opposition (Doc. 18) that Grounds XI, which challenges the "heinous, atrocious, or cruel" aggravating circumstance, and XIII, which challenges the proportionality of the death sentence, each fails to assert a viable claim.  Consequently, Grounds XI and XIII will be dismissed.

A.  Mootness

Claims that are no longer viable are moot.  "Federal courts do not have jurisdiction under the Article III 'Case or Controversy' provision of the United States Constitution to decide questions rendered moot by reason of intervening events." Westmoreland v. Nat'l Transp. Safety Bd., 833 F.2d 1461, 1462 (11th Cir. 1987).  "In general a case becomes moot when the issues presented are no longer live or the

parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (conviction renders moot a claim to pretrial bail).  Claims based on the first penalty phase are moot because Derrick I vacated the first sentence.

B.  Federal Question

To assert a federal question a federal habeas corpus petition must allege the violation of a constitutional right because the review of an alleged violation of state law is limited.  "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  As a general principle, alleged violations of state law simply fail to assert a constitutional issue.

> Questions of state law rarely raise issues of federal constitutional significance, because "[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1053-54 (11th Cir. 1983) (citations omitted).  We review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render "the entire trial fundamentally unfair." Id. at 1054 (defective jury charge raises issue of constitutional dimension "only if it renders the entire trial fundamentally unfair"); see also Futch v. Dugger, 874 F.2d at 1487 (improperly admitted evidence "must be inflammatory or gruesome, and so critical that its introduction denied petitioner a fundamentally fair trial").  "[T]he established standard of fundamental fairness [when reviewing state evidentiary rulings] is that habeas relief will be granted only if the state trial error was 'material in the sense of a crucial, critical, highly significant factor.'" Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (quoting Hills v. Henderson, 529 F.2d 397, 401 (5th Cir. 1976)).

Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991), cert. denied, 502 U.S. 1105 (1992).

C.  Exhaustion

A petitioner must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971).  Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").  Also, a petitioner must present to the federal court the same claim presented to the state court.  Picard v. Connor, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.").  "Mere similarity of claims is insufficient to exhaust."  Duncan v. Henry, 513 U.S. at 366.

A petitioner must alert the state court that he is raising a federal claim and not just a state law claim.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a

- 4 -

>   case deciding such a claim on federal grounds, or by simply labeling the
>   claim "federal."

Baldwin v. Reese, 541 U.S. 27, 32 (2004).  As a consequence, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  See also Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1271, 1345 (11th Cir. 2004) ("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (citations omitted).

Finally, presenting a federal claim to a state court without the facts necessary to support the claim is insufficient.  See, e.g., Brown v. Estelle, 701 F.2d 494, 495 (5th Cir. 1983) ("The exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in support of the writ before the federal court.").

D.  Procedural Default

Before a claim is procedurally barred from federal review, a state court must reject reviewing the claim based on the procedural deficiency.

>   Thus, the mere fact that a federal claimant failed to abide by a state
>   procedural rule does not, in and of itself, prevent this Court from reaching
>   the federal claim: "The state court must actually have relied on the
>   procedural bar as an independent basis for its disposition of the case."

Harris v. Reed, 489 U.S. 255, 262 (1989), quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985).  Also, the court must state that it is enforcing the procedural rules.  "[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds."

- 5 -

Harris v. Reed, 489 U.S. at 261, quoting Michigan v. Long, 463 U.S. 1032, 1042 (1983). Consequently, citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient. Harris v. Reed, 489 U.S. at 266. See also Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), cert. denied, 513 U.S. 1061 (1994). Consequently, the initial question is whether the state court issued a "plain statement" applying the independent and adequate state procedural bar.

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."), Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."), Kennedy v. Herring, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), appeal after remand, Kennedy v. Hopper, 156 F.3d 1143 (11th Cir.), cert. denied sub nom Kennedy v. Haley, 526 U.S. 1075 (1999).

As a general proposition, a federal court is precluded from addressing the merits of a procedurally defaulted ground unless the petitioner can show "cause and prejudice" or "manifest injustice." Coleman v. Thompson, 501 U.S. 72, 29-30 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986).  "Cause" must ordinarily be something external to the defense. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995).  To show "prejudice," the petitioner must show "not merely that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis original).

To meet the fundamental miscarriage of justice exception, Derrick must show constitutional error coupled with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  This exception is not available unless "petitioner shows, as a factual matter, that he did not commit the crime of conviction." Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause).

Further, Derrick must show that he has exhausted what he argues excuses his procedural default, to the extent it constitutes an independent constitutional claim. See Murray v. Carrier, 477 U.S. at 488-89 (If ineffective assistance of counsel is alleged as cause to excuse a procedural default, the petitioner must have presented the ineffectiveness claim to the state courts as an independent claim.); Hill v. Jones, 81

- 7 -

F.3d 1015, 1830 (11th Cir. 1996) ("[P]rocedurally defaulted claims of ineffective assistance cannot serve as cause to excuse a default of a[nother] claim.") (emphasis original), cert. denied, 519 U.S. 1119 (1997).

## GROUNDS

Ground II

The state post-conviction court summarily rejected several claims. In ground II Derrick complains that "the Florida courts erred in summarily deny[ing] petitioner an evidentiary hearing on properly pled claims." The respondent correctly argues that a state court's failure to grant an evidentiary hearing asserts no challenge to the validity of the conviction or sentence.

> This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief. See, e.g., Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam). The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—i.e., the conviction itself—and thus habeas relief is not an appropriate remedy. See Quince, 360 F.3d at 1261-62; Spradley, 825 F.2d at 1568. Moreover, such challenges often involve claims under state law—for example, Florida Rules of Criminal Procedure 3.850 and 3.851, which govern the availability of, and procedures attendant to, post-conviction proceedings in Florida—and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." See McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992).
>
> Because of this bar to relief, we have stated it is "beyond debate" that a state court's failure to conduct an evidentiary hearing on a post-conviction motion does not constitute a cognizable claim for habeas relief. See Anderson, 462 F.3d at 1330. In Spradley, we considered a habeas petition in which a Florida inmate claimed "the state trial court which heard and denied his 3.850 motion violated his due process rights because it failed to conduct an evidentiary hearing and did not attach to its opinion

> denying relief those portions of the record on which it relied." 825 F.2d at 1567. We rejected this claim, holding a state court's failure to conduct an evidentiary hearing cannot form the basis for habeas relief because such an error does not "undermine the validity of petitioner's conviction" and is "unrelated to the cause of petitioner's detention." Id. at 1568. We later reaffirmed this general principle in Quince, noting "an alleged defect in a collateral proceeding does not state a basis for habeas relief." 360 F.3d at 1262.

Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009). In response (Doc. 18 at 9) Derrick re-characterizes his claim and seeks review of the ineffective assistance of counsel claims that the post-conviction court summarily denied. Although not sequentially numbered, Derrick identifies five instances in which he contends trial counsel rendered ineffective assistance. The respondent argues (Doc. 19) that Derrick procedurally defaulted three of the individual claims.

First, Derrick alleges that counsel failed to challenge the evidence, particularly his confession. Derrick III rejected this claim on the merits as "legally insufficient." Consequently, this claim is not procedurally barred.

Second, Derrick alleges that counsel improperly handled the proposed testimony of Randall James. Immediately after defense counsel stated that Derrick would testify during the guilt phase, a bench conference ensued at which the prosecutor revealed that he would call in rebuttal a jailhouse informant. Derrick III, 983 So. 2d at 453, determined that part of the claim involving James's proposed testimony was procedurally barred from further review.

> Moreover, this Court previously reviewed trial counsel's conduct in dealing with James's rebuttal testimony on direct appeal. In fact, we rejected the claim that the trial court failed to conduct a proper Richardson inquiry after the State revealed James as a potential witness. Derrick, 581 So. 2d at 34. In rejecting the claim, this Court stated that trial counsel "'made a

- 9 -

> tactical decision to rely upon the prosecutor's representations of what James's testimony would be and advised Derrick not to testify." Id. at 35. By finding that this issue had previously been considered on direct appeal, the lower court correctly held that Derrick's claim should be denied. In essence, Derrick's claim is procedurally barred because it "is merely a variant of the issues raised on direct appeal." Jones v. State, 949 So.2d 1021, 1033 (Fla. 2006).

The state court determined that, having once considered the claim, further consideration is not warranted. That application of procedural default is no bar to federal review.

> When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review.
> . . .
> A claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration-not when the claim has been presented more than once.

Cone v. Bell, ___ U.S. ___, 129 S. Ct. 1769, 1781 (2009). See also Ylst v. Nunnemaker, 501 U.S. 797, 804, n. 3 (1991) ("Since a later state decision based upon ineligibility for further state review neither rests upon procedural default nor lifts a pre-existing procedural default, its effect upon the availability of federal habeas is nil . . . .").

Third, Derrick contends that the prosecutor's possibly calling James as a witness created a conflict of interest for the public defender's office because that entity also represented James. Derrick III, 983 So. 2d at 453, determined that Derrick procedurally defaulted this claim.

> Lastly, as to Derrick's claim that James's proposed testimony should have been excluded from the guilt phase because he and Derrick were represented by the same counsel, this claim should have been raised on

- 10 -

> direct appeal and is therefore procedurally barred. See Thompson v. State, 759 So. 2d 650, 661 (Fla. 2000) (supporting trial court's finding that conflict of interest claim should have been raised on direct appeal and was procedurally barred because the facts that formed the basis of the claim were known to the defendant at the time of the direct appeal).

The above complies with Harris's "plain statement" requirement applying an independent and adequate state procedural bar.[2] Because Derrick fails to show either cause and prejudice or manifest injustice, review of this claim is procedurally barred.

Ground III

Derrick alleges that shackling during the original trial, apparently during both the guilt and the penalty phases, violated his right to a fair trial. The respondent correctly argues that part of the claim is moot. The portion of ground III that challenges the fairness of the original penalty phase is moot because the original death sentence was vacated in Derrick I. The portion of ground III that challenges the fairness of the guilt phase remains viable.

Ground IV

Derrick alleges that the trial court erred in denying defense counsel's request to inquire whether a juror had read a newspaper article about the trial. The respondent contends (Doc. 13) that neither the federal petition nor the supporting memorandum cites a specific federal constitutional right or a federal case supporting the claim. Derrick I cited several federal cases as a basis for rejecting this claim. Derrick requests (Doc. 18) consideration of the claim based on those authorities. The respondent agrees

---

[2] After applying a state procedural bar, the Florida supreme court chose to address the merits of this claim. The gratuitous merits determination is inconsequential in determining that the claim of procedurally barred in federal court. See Alderman v. Zant, 22 F.3d at 1549.

(Doc. 19) to considering the claim the same as in Derrick I.  Consequently, ground IV will receive a review on the merits.

Ground VI

Derrick alleges that the trial court erred in failing to sustain an objection when the prosecutor misstated the law in his final closing argument during the guilt phase.[3]  The trial judge overruled the objection and reminded the jurors "that the instructions on the law would come from me and not from the lawyers."  A footnote in Derrick I, 581 So.2d at 36, rejected the "claim concerning the prosecutor's closing argument."  The respondent argues that on direct appeal Derrick asserted this ground only as a state law claim.  However, the guilt phase argument of the direct appeal brief cites Caldwell v. Mississippi, 472 U.S. 320 (1985), for the proposition that a prosecutor's closing argument cannot improperly diminish a jury's role in the capital sentencing process.  This citation was adequate to alert the state court that Derrick was asserting a federal claim.  See Baldwin v. Reese,  541 U.S. at 32 (A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim . . . by citing in conjunction with the claim the federal source of law on which he relies . . . .").

The respondent correctly argues that the exhaustion and procedural default doctrines preclude Derrick from expanding this ground to include a claim based on Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).  Because he fails to show either cause and prejudice or manifest injustice,

---

[3] Not asserted in the federal petition is another claim challenging a comment by the prosecutor during the penalty phase.  A claim asserting an alleged impropriety during that penalty phase would be moot in this federal proceeding because Derrick I vacated the original death sentence.

- 12 -

Derrick is procedurally barred from expanding ground VI to assert a Brady or Giglio claim.

Ground VII

Derrick alleges that the trial court erred in re-instructing the jurors during the second penalty phase after the jury foreman advised that they were tied. The respondent argues that Derrick both failed to "federalize" this claim in state court and procedurally defaulted this ground. In the direct appeal brief Derrick argued this claim only as a state law issue and failed to cite either a federal case or a state case that is based on federal law. Additionally, Derrick II, 641 So. 2d at 379-80, applied a procedural default.

> As his first issue on appeal, Derrick contends that the trial judge erred in his response to a jury inquiry. During their deliberations, the jurors sent a note to the judge stating: "Upon voting on such case, the jury has ended with a vote count of equal amount, six votes for death and six votes for life." The judge consulted counsel and, with their consent, reinstructed the jury as follows:
>
>> The advisory verdict need not be unanimous. The recommendation or imposition of the death penalty must be by a majority of the jury. A recommendation of incarceration for life with no eligibility of parole for twenty-five years may be made either by a majority of you or an even division of the jury. That is, a tie vote of six to six.
>
> Subsequently, the jury returned with a seven to five death recommendation.
>
> Derrick argues that after the jury had announced a tie vote reinstruction of any kind was improper. The trial judge should have instructed the jury foreman to sign the life sentence recommendation, Derrick argues, instead of sending the jury back for further deliberation. To support his contention, Derrick cites Rose v. State, 425 So.2d 521 (Fla.), cert. denied, 461 U.S. 909, 103 S. Ct. 1883, 76 L. Ed. 2d 812 (1983), and Patten v.

> State, 467 So.2d 975 (Fla.), cert. denied, 474 U.S. 876, 106 S. Ct. 198, 88 L. Ed. 2d 167 (1985).
>
> . . .
>
> The State argues that this issue is procedurally barred. Further, the State contends that the trial court's instruction in the instant case did not conflict with Rose and Patten. We agree.
>
> After informing counsel of the jury inquiry in the instant case, the judge suggested that he reread that portion of the instruction which he felt would help the jury resolve its dilemma. Derrick's attorney did not object to this suggested course of action, and, in fact, expressly agreed to the instruction. Under these circumstances, Derrick has waived his right to appeal this issue.

The above complies with Harris's "plain statement" requirement applying an independent and adequate state procedural bar. Because Derrick fails to show either cause and prejudice or manifest injustice, review of this ground is procedurally barred.

Ground VIII

While instructing the jury with the possible aggravating circumstances, the trial court permitted the consideration of both that the murder was committed during a robbery and that the murder was committed for pecuniary gain. Derrick alleges that the trial court erred in allowing the jurors to find the existence of both aggravating circumstances. The respondent argues (Doc. 13 at 24-26) that the issue is not properly preserved because defense counsel failed to request a limiting instruction. Derrick II, 641 So. 2d at 380, recognizes that counsel failed to request a limiting instruction, but the court found no procedural default and chose, instead, to resolve this claim on the merits. Merely citing to the state procedural rule is insufficient because "[t]he state court must actually have relied on the procedural bar as an independent basis for its

- 14 -

disposition of the case." Caldwell v. Mississippi, 472 U.S. 320 at 327.  Derrick faces no procedural obstacle to federal review because Derrick II contains no "plain statement" that the court enforced a procedural rule.

Ground XI

Derrick alleges that the prosecution failed to adequately prove the "heinous, atrocious or cruel" aggravating circumstance and relies on Espinosa v. Florida, 505 U.S. 1079 (1992).  The respondent correctly argues that, according to Lambrix v. Singletary, 520 U.S. 518 (1997), Derrick is not entitled to the retroactive application of Espinosa.  Derrick concedes (Reply at 15, Doc. 18) the invalidity of this claim.

Ground XII

Derrick alleges that the trial court erred in considering the murder-committed during-the-commission-of-a-robbery aggravating circumstance.  The respondent argues (Doc. 13 at 29-30) that the issue is not properly preserved because defense counsel offered no objection to the instruction.  Derrick II, 641 So. 2d at 381, summarily rejected this claim on the merits.  As a consequence, Derrick faces no procedural obstacle to federal review of this ground.

Ground XIII

Derrick alleges that his death sentence is disproportionate compared to other capital cases.  The respondent correctly argues that a proportionality analysis is not constitutionally required.  Pully v. Harris, 465 U.S. 37, 45 (1984) ("Examination of our [earlier] cases makes clear that they do not establish proportionality review as a constitutional requirement.").  See also Walker v. Georgia, ___ U.S. ___, 129 S. Ct.

481, 482 (2008) (Thomas, J., concurring in denial of the petition of certiorari) ("Proportionality review is not constitutionally required in any form."). Derrick concedes (Reply at 15, Doc. 18) the invalidity of this claim.

Ground XIV

Derrick alleges that appellate counsel was ineffective for failing to raise three guilt-phase issues. The first issue challenges the accuracy of the state court record regarding the prosecutor's revelation of a new witness, Randall James. The second and third issues allege that during closing arguments the prosecutor mis-characterized both a prosecution witness's testimony and defense counsel's closing argument. The respondent contends that Derrick procedurally defaulted the second and third issues. Derrick III, 983 So. 2d at 463-64 (alterations original), applied a procedural default.

> In his second habeas claim, Derrick asserts that appellate counsel was ineffective for failing to appeal the State's improper closing argument. Specifically, Derrick alleges that the State: (1) made an improper closing argument regarding expert testimony; and (2) erroneously argued that defense counsel had conceded Derrick was guilty of a lesser crime. We deny this habeas claim because it is procedurally barred.
>
> First, Derrick alleges that during closing arguments, the prosecutor inappropriately provided testimony by disputing the medical examiner's testimony regarding the murder weapon and victim's time of death. However, the record indicates that trial counsel did not object to the closing comments, thereby failing to preserve the issue for appellate review. Thus, appellate counsel could not be successful on appeal unless the argument was improper and constituted fundamental error. See Archer v. State, 934 So. 2d 1187, 1205 (Fla. 2006).
>
> We have already rejected a similar claim regarding comments about the murder weapon in upholding the summary denial of Derrick's challenge to trial counsel's failure to object by determining these same closing arguments were not improper. Additionally, as to the prosecutor's disagreement with the medical examiner's estimation of time of death, such an argument does not constitute fundamental error; that is, error that

>  "'reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" State v. Delva, 575 So. 2d 643, 644–45 (Fla. 1991) (quoting Brown v. State, 124 So. 2d 481, 484 (Fla. 1960)). Accordingly, we reject any claim of ineffective assistance of appellate counsel regarding the State's reference to the murder weapon and the victim's time of death during closing argument.
>
>  Second, Derrick asserts that the State erroneously argued that defense counsel conceded that Derrick was guilty of second-degree murder. However, Derrick's citation to the record incorrectly references the court's discussion of Randall James as a rebuttal witness, instead of referencing the allegedly improper closing statement. Therefore, this habeas claim is insufficiently pled.
>
>  Notwithstanding the insufficient pleading, Derrick's allegation of improper argument is also procedurally barred. In its response to Derrick's petition, the State quotes the prosecutor's closing argument, which stated: "So if you find that the defendant wasn't going to commit a robbery here, and/or he didn't intend consciously to kill Mr. Sharma, then you can look to Murder Two." During defense closing, trial counsel countered: "See if it's [(first degree murder)] been proven beyond a reasonable doubt. Some things have. He [the prosecutor] proved that Rama was killed. And that's basically all he proved. He hasn't proved a robbery, and he sure as heck hasn't proved Jason is involved. That's what he's got to do.'" On rebuttal, the prosecutor responded: "'Your job here today is to decide if this defendant is guilty of murder in the first degree. And Defense Counsel conceded, you have to look for murder in the second degree or manslaughter. Your job is to determine if this defendant is guilty of murder in the first degree or not guilty.'" Trial counsel failed to object to either of the State's comments regarding second-degree murder. Again, we have consistently held that appellate counsel cannot be ineffective for failing to appeal unpreserved errors that do not rise to the level of fundamental error. Here, the prosecutorial statements fail to constitute fundamental error. As Derrick's claim of error was not preserved and does not rise to the level of fundamental error, counsel had no obligation to raise it on appeal. We thus deny this habeas claim.

The above complies with Harris's "plain statement" requirement applying an independent and adequate state procedural bar. Because Derrick fails to show either cause and prejudice or manifest injustice, review of this ground is procedurally barred.

- 17 -

Derrick's first issue, which challenges the accuracy of the state court record regarding Randall James, remains viable because Derrick III asserted no procedural bar.

Accordingly, the motion to dismiss (Doc. 13) is **GRANTED** to the extent that portions of grounds II (conflict of interest regarding Randall James), III (shackling during the original penalty phase), VI (to the extent that it asserts a challenge to the prosecutor's closing argument during the first penalty phase or asserts a claim based on Brady or Giglio), and XIV (the prosecutor's mis-characterizations during closing argument), and all of grounds VII, XI, XIII are **DISMISSED**. The respondent has **SIXTY (60) DAYS** to address the remaining grounds, Derrick **FORTY-FIVE (45) DAYS** to respond, and the respondent **THIRTY (30) DAYS** to reply.

ORDERED in Tampa, Florida, on September 29, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE